IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN CARLOS ALVARADO, on behalf of himself, and all other persons similarly situated, known and unknown,<br><br>    Plaintiff,<br><br>v.<br><br>KELLEY LANDSCAPE AND PATIO, INC. and JOHN KELLY, individually<br><br>    Defendants. | Case No. FILED: JULY 9, 2008<br>08CV3907<br>Judge: JUDGE KENDALL<br>MAGISTRATE JUDGE SCHENKIER<br><br>PH |

**COMPLAINT**

Plaintiff Juan Carlos Alvarado, through his attorneys, on behalf of himself and all other persons similarly situated, known and unknown, for his Complaint against Kelley Landscape and Patio, Inc. ("Kelley Landscape") and John Kelly ("Kelly") (collectively, "Defendants"), state as follows:

**I.    NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), for: 1) Defendants' failure to pay overtime wages to Plaintiff and other similarly situated employees, for all time worked in excess of forty (40) hours in individual work weeks and, 2) Defendants' unauthorized deductions from Plaintiff's paychecks. Defendants' unlawful compensation practices have (and have had) the effect of denying Plaintiff and other similarly situated employees, their earned and living

1

wages. A copy of Plaintiff's Consent to bring his claim for unpaid overtime wages under the FLSA as a representative action is attached hereto as Exhibit A.

**II.    THE PARTIES**

2. Plaintiff currently resides in and is domiciled in Lake County, Illinois.

3. At all material times hereto, Plaintiff was employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. §203(e)(1), the IMWL, 820 ILCS §105/1 *et seq.*, and the IWPCA, 820 ILCS §115/1 *et seq.*

4. At all relevant times herein, Defendants have been Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. §203(d), the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.*

5. Defendant Kelley Landscape is an Illinois corporation doing business within the State of Illinois.

6. Defendant Kelley Landscape is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A).

7. Defendant Kelley Landscape has had two or more employees, including Plaintiff, who handle goods that moved in interstate commerce.

8. Defendant Kelley Landscape's principal place of business is located within this judicial district.

9. Defendant Kelly is an owner and principal officer of Kelley Landscape & Patio, Inc. and is involved in the day to day business operation of Defendant Kelley Landscape. Defendant Kelly has the authority to hire and fire persons employed by Kelley Landscape, including the Plaintiff, the authority to direct and supervise the work of Defendant Kelley Landscape employees, the authority to sign on Defendant Kelley

Landscape checking accounts, including payroll accounts, and makes decisions regarding employee compensation and capital expenditures.

10. Defendant Kelly resides in this judicial district.

### III. JURISDICTION AND VENUE

11. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

### COUNT I
### Violation of the Fair Labor Standards Act -- Overtime Wages
### (Plaintiff, on behalf of himself and others similarly situated)

Plaintiff hereby realleges and incorporates paragraphs 1 through 11 of this Complaint, as if fully set forth herein.

12. This count arises from Defendants' violation of the FLSA, 29 U.S.C. §201, *et seq.*, for their failure to pay overtime wages to Plaintiff and other similarly situated employees, for all time worked in excess of forty (40) hours in individual work weeks.

13. Plaintiff performed a variety of job duties and responsibilities for Defendants within this judicial district. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

14. During the course of Plaintiff's employment with Defendants, Defendants directed Plaintiff to work, in excess of forty (40) hours in individual work weeks and Plaintiff customarily did work in excess of sixty (60) hours in individual work weeks.

15. Defendants directed other similarly situated employees to work in excess

3

of forty (40) hours in individual work weeks, and they did work in excess of forty (40) hours in individual work weeks.

16. Pursuant to 29 U.S.C. §207, for all time worked in excess of forty (40) hours in individual work weeks, Plaintiff and other similarly situated employees, were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

17. Defendants did not compensate Plaintiff and other similarly situated employees, at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks. For example, for the two week pay period ending June 2, 2007, Plaintiff Alvarado worked 112 hours, but was just paid his straight-time rate of $12.00 an hour for all time worked in excess of forty (40) hours. See Exhibit B as attached hereto.

18. Defendants' failure and refusal to pay overtime wages to Plaintiff and similarly situated employees, for all time worked in excess of forty (40) hours per week was a violation of the FLSA, 29 U.S.C. §207.

19. Defendants willfully violated the FLSA by refusing to pay Plaintiff's and similarly situated employee's overtime wages for all time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's and other similarly situated employees', hourly wage rate for all time which they worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and,

D.  Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law -- Overtime Wages
### (Plaintiff Individually)

Plaintiff hereby realleges and incorporates paragraphs 1 through 19 of this Complaint, as if fully set forth herein.

20. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

21. This count arises from the violation of the overtime provision of the IMWL, for Defendants' failure to pay Plaintiff's earned overtime pay for hours worked in excess of forty (40) in individual work weeks.

22. During the course of Plaintiff's employment with the Defendants, Defendants regularly and customarily directed Plaintiff to work in excess of forty (40) hours in individual work weeks, and Plaintiff did customarily work in excess of sixty (60) hours in individual work weeks.

23. Pursuant to 820 ILCS §105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

24. Defendants violated the IMWL by failing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

25. Pursuant to 820 ILCS §105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times his regular hourly rate of pay for all time which Plaintiff worked in excess of forty (40) hours in individual work weeks;

B. Damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and,

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act –Unauthorized Deductions from Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 25 of this Complaint, as if fully set forth herein.

26. This count arises from Defendants' unauthorized deduction of wages from the Plaintiff's paychecks in violation of the IWPCA, 820 ILCS 115/9.

27. Pursuant to ILCS 115/9 (4) deductions by employers are prohibited unless they are made with the express written consent of the employee, given freely at the time the deductions are made.

28. Defendants' deducted $138 in uniform fees from Plaintiff's paychecks without Plaintiff's express authority.

29. Pursuant to the IWPCA, Defendants are required to pay Plaintiff all wages deducted without Plaintiff's written authority and grant all remedies to which he may otherwise be entitled as to any balance claimed.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of the monetary equivalent of all unauthorized deductions due as provided by the Illinois Wage Payment and Collection Act;

B. Reasonable attorneys' fees and costs of this action; and,

    C. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: July 9, 2008

s/ John E. Untereker
JOHN E. UNTEREKER (#6290945)
CHRISTOPHER J. WILLIAMS (#6284262)
Working Hands Legal Clinic
77 W. Washington, Suite 1402
Chicago, Il 60602
(312) 795-9115

VINCENT H. BECKMAN III (# 0152803)
Farmworker Advocacy Project
100 W. Monroe Suite 1800 B
Chicago, IL 60603
(312) 347-7600 ext. 522

Attorneys for Plaintiffs

# EXHIBIT A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by Defendant __ASO-Kelley Landscape and Patio.__ within the prior three (3) years, that I have worked for Defendant in excess of forty (40) hours in individual work weeks and that I have not been paid all of the overtime wages owed to me. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is: __Ivan Carlos Alvarado__

Signature: __Juan C. Alvarado__

Date on which I signed this Notice: __6 | 22 | 2008__

Christopher J. Williams
John E. Untereker
Working Hands Legal Clinic
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 795-9115

Attorneys for Plaintiff

Vincent H. Beckman III
Farmworker Advocacy Project
100 West Monroe, Suite 1800
Chicago, IL 60603
(312) 784-3522

Attorney for Plaintiff

# EXHIBIT B

| Employee File Number | 0023 | | | |
|---|---|---|---|---|
| Company | X007 | Employee Name | JUAN C. ALVARADO | |
| Division | | | | |
| Period From | MAY 20, 2007 | Department | 0300 | Social Security Number XXX-XX-3846 |
| Period To | JUN 2, 2007 | Check Number | | Fed M 01 / St M 01 |
| Check Date | JUN 8, 2007 | | | |

Company Name & Address: **ASO-KELLEY LANDSCAPE & PATIO**
425 HUEHL ROAD SUITE 6B
NORTHBROOK, IL 60062

### EARNINGS

| Description | Hours | Rate | Amount |
|---|---|---|---|
| REGULAR | 112.00 | 12.0000 | 1344.00 |
| **Total** | 112.00 | | **$ 1344.00** |

### TAXES

| Description | Amount |
|---|---|
| FICA | 83.33 |
| MEDFICA | 19.49 |
| FED WTH | 106.31 |
| IL | 38.01 |
| **Total** | **$ 247.14** |

### DEDUCTIONS

| Description | Amount |
|---|---|
| UNIFORM | 27.60 |
| **Total** | **$ 27.60** |

### YEAR TO DATE

| Description | Amount |
|---|---|
| GROSS | 2688.00 |
| FICA | 166.66 |
| MEDFICA | 38.98 |
| FED WTH | 212.62 |
| STATE | 76.02 |
| UNIFORM | 82.80 |

Check Number: 0006241
Net Pay Amount: ******1069.26